Douglas Daniel CLARK,
Plaintiff–Appellant,

v.

Jeanne WOODFORD,* Warden; J. Pierce; A.A. Read; Vaughn R. Walker, Judge; V. Phillips, Magistrate, Defendants–Appellees.

No. 99–56395.
D.C. No. CV–97–21064 JW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Feb. 20, 2002.

Before NOONAN, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Douglas Daniel Clark, a California state prisoner, appeals from the district court's grant of summary judgment to defendants in his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a), the dismissal of defendant Pierce for lack of service, and the denial of his motion for reconsideration.

---

* Jeanne Woodford, Acting Warden of San Quentin State Prison, is substituted for her predecessor, Arthur Calderon, pursuant to Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, 110 Stat. 1321 (1996) ("PLRA"), amended § 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Clark was thus required to exhaust all of the administrative remedies available to him in the California prison system, "irrespective of the forms of relief sought and offered through administrative avenues," before he could pursue his § 1983 claim in federal court. *See Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1825 n. 6, 149 L.Ed.2d 958 (2001).

Clark contends that he either met the PLRA's exhaustion requirement or, alternatively, was prevented from doing so when correctional officers "screened out" his complaints on the basis of his use of "inappropriate statements," an action which he argues violated his right to petition the government for a redress of his grievances under the First Amendment as set forth in *Bradley v. Hall,* 64 F.3d 1276, 1281–82 (9th Cir.1995). Despite these arguments, however, a review of the record reveals that Clark clearly failed to exhaust the administrative remedies which were available to him for his first and second filed grievances and that he failed to participate fully in the administrative processes made available to him.

■ We conclude that the requirement that Clark resubmit his grievances after removing the "inappropriate statements," which included profanity and offensive language that was not essential to and likely detracted from the substance of his claim, does not constitute a "punishment," unlike in *Bradley,* and is not an "exaggerated response to prison concerns." *See Turner v. Safley,* 482 U.S. 78, 89–90, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). We therefore reject his argument that he should be excepted from the exhaustion requirement.

■ We also reject Clark's further contention that the acts underlying his § 1983 action, which he argues were individualized instances of retaliation, are not subject to the § 1997e(a) exhaustion requirement because they do not qualify as "prison conditions." Clark's own description of the widespread and systematic nature of defendants' alleged wrongdoing undermines his claim that the acts were "particularized instances" of misconduct. Accordingly, we affirm the district court's grant of summary judgment based Clark's failure to exhaust his administrative remedies.

We also affirm the district court's dismissal of Clark's additional claims of retaliation when it denied his motion for leave to amend. Clark's proposed amendments alleging retaliation were either duplicative of existing claims or failed to provide the specific factual allegations necessary to state a claim. The district court did not abuse its discretion in denying the amendments as futile. *See Bonin v. Calderon,* 59 F.3d 815, 845–46 (1995).[1]

We also conclude that the district court properly denied Clark's motion for reconsideration. We agree with the district court that the PLRA filing fee provisions, 28 U.S.C. § 1915(b), do not violate due process. *See Taylor v. Delatoore,* 281 F.3d 844 (9th Cir.2002) (holding that § 1915(b) does not deprive an indigent

---

1. Because summary judgment was proper, we need not reach the issue of whether the dismissal of defendant Pierce for lack of service was an abuse of discretion.

prisoner of his constitutional right of access to the courts or of equal protection).

Finally, because California has an adequate post-deprivation remedy, Clark has no cognizable claim under § 1983 for the negligent or intentional deprivation of his property. *See Barnett v. Centoni,* 31 F.3d 813, 816–17 (9th Cir.1994).[2]

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

**2.** We reject Clark's remaining contentions as meritless.